LYNN R. FIORENTINO (SBN 226691)
lynn.fiorentino@afslaw.com
**ARENTFOX SCHIFF LLP**
44 Montgomery Street, 38th Floor
San Francisco, CA 94104
Telephone: 415.757.5500
Facsimile: 415.757.5501

Attorney for Defendant
LACOSTE USA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

QASEM HASHIMI, on behalf of himself and all others similarly situated,

Plaintiff,

v.

LACOSTE USA, INC., a Delaware corporation, and DOES 1-50, inclusive,

Defendants.

Case No. '25CV2559 BEN BLM

(San Diego Superior Court Case 25CU039088N)

**DEFENDANT LACOSTE USA, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453 Defendant, Lacoste USA, Inc. ("Lacoste"), hereby gives Notice of Removal of this civil action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California. In support of this Notice of Removal, Lacoste states as follows:

## I. BACKGROUND

1. Plaintiff, Qasem Hashimi ("Plaintiff"), on behalf of himself and other similarly situated individuals, filed a Class Action Complaint (*see* **Exhibit A)**, against Lacoste in the Superior Court of California, County of San Diego, Case No. 25CU039088N, styled *Qasem Hashimi et al. v. Lacoste USA, Inc. et al.* (the "State Action"). The State Action is currently pending.

2. In the State Action, Plaintiff alleges claims for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*, California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq*., the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681 *et seq.*, and the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 45(a)(1) and 52(a).

3. Lacoste is the only named defendant in the State Action. The other defendants in the State Action are unnamed—Does 1-50.

4. Plaintiff alleges in his Class Action Complaint that Lacoste "engaged in a deceptive pricing scheme at its [] outlet stores located throughout California" thereby violating California's UCL, FAL, and CLRA. *See* Ex. A at ¶ 7, 26. Plaintiff claims that, as a result of Lacoste's alleged conduct, he "overpaid for the items he purchased" from Lacoste (*id* at ¶78) thereby suffering "economic injury" (*id.* at ¶ 77) and incurring "quantifiable actual damages" (*id* at ¶ 78).

5. Plaintiff also alleges that Lacoste failed to truncate Plaintiff's credit card receipt, as required by FACTA, which caused him to suffer "concrete and

particularized injury." *Id.* at ¶86. Specifically, Plaintiff claims to have experienced "significant emotional distress and concern[,]" "a heightened sense of vulnerability," "fear and frustration," and "a deep sense of betrayal and unease[.]" *Id.* at ¶87.

6. Plaintiff purports to bring this action on behalf of himself and on behalf of two classes, including:

> **The Outlet Pricing Class:** All natural persons who, during the applicable statute of limitations period preceding the filing of this action (the "Class Period"), were and remain both residents and citizens of the State of California—including at the time of purchase, continuously through the filing of this action, and through the date of judgment—and who purchased one or more products from a Lacoste outlet store in California at a purported discount from an advertised reference price, and who have not received a refund or credit for such purchase(s).
>
> **The FACTA Class:** All natural persons who, during the applicable statute of limitations period preceding the filing of this action (the "Class Period"), were and remain both residents and citizens of the State of California—including at the time of the transaction, continuously through the filing of this action, and through the date of judgment—and who, during a purchase from a Lacoste outlet (or other retail) store in California, were provided with an electronically printed receipt that displayed more than the last five digits of their credit or debit card number and/or the card's expiration date, and who have not received a refund or credit for such transaction(s).

*Id.* at ¶ 95.

7. Counsel for Lacoste signed an Acknowledgement of Receipt on September 11, 2025 (*see* **Exhibit B)**. Lacoste has not yet filed a responsive pleading to Plaintiff's Class Action Complaint.

## II. BASIS FOR REMOVAL

8. A "civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant [] to the

district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). 28 U.S.C. § 1331 gives the district courts original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." An action arises under federal law if the complaint alleges a federal claim. Here, Plaintiff claims that Lacoste violated the FTCA and FACTA, which are United States statutes. *See* Ex. A at ¶¶ 115, 137-145. Accordingly, the Class Action Complaint is removable under federal question jurisdiction. *See* 28 U.S.C. § 1441(a).

9. This Court also has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 199 Stat. 4, codified in pertinent part at 28 U.S.C. §§ 1332(d), 1446, and 1453.

10. This action satisfies CAFA's requirements for diversity of citizenship. Under CAFA, complete diversity of citizenship is not required. CAFA only requires "minimal diversity" where "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A). A "natural person's state citizenship is [] determined by her state of domicile[.]" *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* A corporation is a citizen of the state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The "'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities," i.e., the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Here, Plaintiff is a citizen of the State of California. Ex. A at ¶ 72. Lacoste is a corporation formed under the laws of Delaware with its principal place of business in New York. *Id.* ¶ 89. Thus, CAFA diversity jurisdiction exists over this action.

11. Under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be 100 or more. *See* 28 U.S.C. § 1332(d)(5)(B). Here, the

number of class members for each proposed class is at least 100. Plaintiff alleges members of his two proposed classes "are so numerous that joinder of all members would be impracticable." Ex. A at ¶ 97. Plaintiff further states that his proposed Outlet Pricing Class "contains tens, if not hundreds, of thousands of individuals" and his proposed FACTA Class "contains at least thousands of customers." *Id.* Lacoste denies that the proposed classes and claims are proper, but for purposes of this Notice of Removal agrees that there are more than 100 class members in each class as proposed by Plaintiff. This CAFA requirement is therefore satisfied.

12. This action satisfies CAFA's amount in controversy requirement. Under CAFA, the amount in controversy must exceed CAFA's jurisdictional threshold of $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2). The Notice of Removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold under CAFA. *Anderson v. Starbucks Corp.*, 556 F. Supp. 3d 1132, 1136 (N.D. Cal. 2020). Lacoste disputes that Plaintiff has stated any viable claim or that any form of relief is owed to Plaintiff or to any member of the purported class. Nevertheless, it is evident from the allegations of Plaintiff's Class Action Complaint that the amount in controversy exceeds $5,000,000.

13. Plaintiff alleges that the Outlet Pricing Class "***contains tens, if not hundreds, of thousands of individuals*** who have been damaged by [Lacoste's alleged] conduct" and the FACTA Class "contains ***at least thousands of customers*** who made a payment card purchase at [Lacoste's] outlet or other retail stores." *See* Ex. A at ¶ 97 (emphasis added). Lacoste has twenty-three (23) stores in California. *See Store Locator,* Lacoste, (September 25, 2025), https://www.lacoste.com/us/stores. Plaintiff further claims Lacoste's violation of FACTA, was willful and therefore each member of the proposed FACTA Class is entitled to a "statutory damage amount of not less than $100 and not more than $1000 for each violation." *Id.* (internal quotations omitted). Statutory damages factor into

the amount in controversy calculation. *See Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046 n. 3 (9th Cir.2000) (noting that courts may consider statutory damages for purposes of calculating amount in controversy). Plaintiff also seeks punitive damages and attorneys' fees (*see* Ex. A), which should be considered when determining the amount in controversy as well. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *see also Anderson*, 556 F. Supp. 3d at 1137; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (attorneys' fees included in amount in controversy); *Walker v. Countrywide Home Loans, Inc.*, 98 Cal.App.4th 1158, 1179-90 (2002) (prevailing plaintiff under UCL awarded attorneys' fees pursuant to Code Civ. Proc., § 1021.5). Therefore, although Lacoste disputes that any form of relief is owed to Plaintiff, based on Plaintiff's allegations that the amount in controversy exceeds CAFA's jurisdictional threshold of $5,000,000, exclusive of interests and costs.

## III. <u>VENUE AND OTHER MATERS</u>

14. Venue is initially proper in the Southern District of California because the action was originally filed in the Superior Court of California, County of San Diego. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 84(d).[1]

15. This Notice of Removal is timely filed within 30 days of Counsel for Lacoste signing an Acknowledgement of Receipt on September 11, 2025. *See* Ex. B; *see also* 28 U.S.C. § 1446(b)(2)(B).

16. Written notice of the filing of this Notice of Removal will be given to all parties and filed the Superior Court of California, County of San Diego, in

[1] A class action complaint seeking to certify an overlapping FACTA class was first filed against Lacoste on August 20, 2025 in the Circuit Court of Cook County, Illinois. The case is styled *Rogers v. Lacoste USA, Inc.*, Case No. 2025CH08644. Lacoste removed the case to The United States District Court for the Northern District of Illinois, Eastern Division on September 22, 2025. The case is styled *Rogers v. Lacoste USA, Inc.*, Case No. 1:25-cv-11458. For the sake of efficiency and to avoid duplicative litigation, Lacoste reserves the right to seek to transfer and/or consolidate these overlapping actions.

accordance with 28 U.S.C. § 1446(d), promptly after the filing of the Notice of Removal in this Court.

17. Pursuant to 28 U.S.C. § 1446(a), copies of all papers filed in the State Action are attached as **Exhibit C**.

**WHEREFORE**, Defendant Lacoste removes this case to the United States District Court for the Southern District of California.

Dated: September 26, 2025

**ARENTFOX SCHIFF LLP**

By: *s/ Lynn R. Fiorentino*
LYNN FIORENTINO
Attorney for Defendant
LACOSTE USA, INC.

# CERTIFICATE OF SERVICE

I am a citizen of the United States. My business address is ArentFox Schiff LLP, 44 Montgomery Street, 38th Floor, San Francisco, CA 94014. I am employed in the County of San Francisco. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

**DEFENDANT LACOSTE USA, INC.'S NOTICE OF REMOVAL**

☐ (BY CM-ECF) On this date, I electronically filed the attached document with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the e-mail address(es) of the person(s) on the attached service list.

☒ (BY E-MAIL) On this date, I personally transmitted the foregoing document(s) via my electronic service address (helen.davis@afslaw.com) to the e-mail address(es) of the person(s) on the attached service list.

☒ **(**BY MAIL**)** I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business. On this date, I placed the document(s) in envelopes addressed to the person(s) on the attached service list and sealed and placed the envelopes for collection and mailing following ordinary business practices.

☐ (BY PERSONAL SERVICE) On this date, I caused to be delivered by hand envelope(s) containing the document(s) to the persons(s) on the attached service list.

☐ (BY OVERNIGHT DELIVERY) On this date, I placed the documents in envelope(s) addressed to the person(s) on the attached service list, and caused those envelopes to be delivered to an overnight delivery carrier, with delivery fees provided for, for next-business-day delivery to whom it is to be served.

☐ (BY FEDERAL EXPRESS) I electronically served the foregoing document(s) through Federal Express on the person(s) on the attached service list.

☒ (Federal) I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 26, 2025, at San Francisco, California.

D. Helen Davis

D. Helen Davis

**SERVICE LIST**

Todd D. Carpenter (SBN 234464)
todd@lcllp.com
Scott G. Braden (SBN 305051)
scott@lcllp.com
LYNCH CARPENTER LLP
9171 Towne Centre Drive, Suite 180
San Diego, California 92122
T: 619.762.1910
F: 858.313.1850
*Attorneys for Plaintiffs*