LYNN R. FIORENTINO (SBN 226691)
lynn.fiorentino@afslaw.com
ADAM D. BOWSER (*pro hac vice*)
adam.bowser@afslaw.com
SUSANNE BONIADI (SBN 341512)
susanne.boniadi@afslaw.com
**ARENTFOX SCHIFF LLP**
44 Montgomery Street, 38th Floor
San Francisco, CA  94104
Telephone:  415.757.5500
Facsimile:   415.757.5501

Attorneys for Defendant
LACOSTE USA, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QASEM HASHIMI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LACOSTE USA, INC., a Delaware corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:25-cv-02559-AGS-BLM<br><br>**LACOSTE USA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL REMAND**<br><br>Date:   January 27, 2026<br>Time:  1:00 p.m.<br>Judge: Hon. Andrew G. Schopler<br>Place:  Courtroom 5C (5th Floor) |

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW

## I.   <u>INTRODUCTION</u>

Plaintiff Qasem Hashimi's ("Plaintiff") Motion rests on a bait-and-switch. He asks this Court to pretend his Complaint alleges nothing more than a technical misprint, when in fact he pleads, and reiterates in his Motion, concrete, individualized harms flowing from Lacoste's alleged Fair and Accurate Credit Transactions Act ("FACTA") violation. In fact, Plaintiff concludes his injury analysis with the assertion that his allegations "may support a claim for **actual damages**." Mot. at 6 (emphasis added). Of course, Plaintiff is not entitled to actual damages under FACTA unless he suffered ***actual injury***. Plaintiff is thus necessarily taking the position that his allegations plausibly support the inference that he suffered actual damages–concrete injury–and that is all that is required at the pleading stage to satisfy Article III standing requirements.

In short, Plaintiff's allegations are unequivocal as to his particularized injury: upon receiving a receipt that allegedly disclosed both the first six and last four digits of his card number in violation of FACTA, Plaintiff experienced acute emotional distress, fear, and a heightened sense of vulnerability. Plaintiff further alleges he undertook time-consuming mitigation measures, closely monitored his accounts, researched identity protection, and considered card cancellation, because of the risk created by that disclosure. These are precisely the sorts of concrete injuries that can satisfy Article III, as the Supreme Court expressly contemplated. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 437 (2021) (holding class members lacked standing where they *only* suffered alleged statutory violation but did not establish "some other injury (**such as an emotional injury**)") (emphasis added). Plaintiff's allegations are thus materially different from the "expiration-date-only" cases Plaintiff invokes, which turned on the absence of any meaningful risk or individualized consequence– as *recognized by Congress itself*. That is not this case.

Under controlling precedent, Plaintiff's allegations readily clear the standing threshold. Emotional distress and similar intangible harms have long been recognized

as concrete injuries, and the Ninth Circuit under *TransUnion* has confirmed that statutory invasions of protected privacy interests can themselves suffice at the pleading stage. Here, Plaintiff alleges more: not just statutory noncompliance, but immediate, particularized emotional and practical consequences that closely track historically cognizable privacy and dignitary harms. Ultimately, Plaintiff cannot run from his own allegations, which foreclose remand. Because Plaintiff asserts a federal FACTA claim and pleads a concrete injury-in-fact, the Court's jurisdiction is secure.

Plaintiff's fallback bid to sever and remand misstates the law and the record. Removal turns on Article III, which is satisfied. In the alternative, if the Court were to disagree, the proper remedy would be dismissal without prejudice, not remand, to avoid duplicative proceedings and to respect jurisdictional limits. The motion for partial remand should be denied.

## II.  PROCEDURAL POSTURE AND RELEVANT ALLEGATIONS

Lacoste removed this action under both federal question jurisdiction and the Class Action Fairness Act based on Plaintiff's assertion of a federal FACTA claim and overlapping class allegations, with Plaintiff simultaneously alleging emotional distress, anxiety, fear, and mitigation efforts directly attributable to the receipt of an allegedly non-compliant credit card receipt displaying the first six and last four digits of his payment card number [Dkt. 1].

Plaintiff specifically pleads that he "experienced significant emotional distress and concern," a "heightened sense of vulnerability," "fear and frustration," and a "deep sense of betrayal and unease," and that he undertook precautionary steps including closely monitoring statements, researching identity protection, and considering card cancellation in response to the heightened risk created by the violation [Dkt. 1 ¶ 5, Complaint, ¶¶ 86-87.]  He also alleges that the receipt included prohibited payment card information—first six and last four digits—going well beyond the "expiration date only" scenarios that many courts have found insufficient for standing [Dkt. 1 ¶ 5, Complaint, ¶ 73.]

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW

## III.    LEGAL STANDARD

Article III standing requires a concrete injury in the context of a statutory violation. *TransUnion LLC v. Ramirez* (2021) 594 U.S. 413. "[G]eneral factual allegations of injury resulting from the defendant's conduct may suffice," and the court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. at 561, 112 S.Ct. 2130 (1992). Intangible injuries, including emotional distress, can be concrete for purposes of Article III Standing if they meet certain criteria. *Spokeo, Inc. v. Robins* (2016) 578 U.S. 330. Specifically, for an intangible injury to be concrete, the plaintiff must show that "(1) Congress created a statutory cause of action for the injury[;] and (2) the injury has a close historical or common-law analog." *Wakefield v. ViSalus, Inc.*, 51 F.4th 1109, 1118 (9th Cir. 2022). Further, California courts have held that emotional distress can confer Article III standing under consumer protection statutes. *Burns v. LVNV Funding LLC,* No. 3:23-CV-00355-IM, 2024 WL 4529032 (D. Or. Oct. 18, 2024).

## IV.    ARGUMENT

Plaintiff's Motion asks this Court to ignore the very injuries he alleged in his Complaint and confirms again in his Motion, namely, severe emotional distress and mitigation efforts, and to treat this case as if it involves *only* a bare statutory violation. That is not the case pled, and it is not the law. Emotional distress is a quintessential concrete harm that has long been recognized as sufficient to satisfy Article III, and the Ninth Circuit's decisions confirm that such alleged harm in the context of a statutory violation, without more, is enough to clear the standing threshold. Because Plaintiff pleads more than that here, remand must be denied.

### A.    Plaintiff's Allegations Establish Concrete, Particularized Harm

Here, there is a clear statutory cause of action under FACTA for Plaintiff's alleged injury. "Congress expressly created a statutory damages scheme that intended to compensate individuals for actual or potential damages resulting from FACTA

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW

violations, *without requiring individuals to prove actual harm*." *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 719 (9th Cir. 2010) (emphasis added). To be sure, Plaintiff reiterates in his Motion that his allegations plausibly "support a claim for actual damages" and the Complaint "serve[s] to put Lacoste on notice of the[se] **facts**." Mot. at 6 (emphasis added). Put differently, Plaintiff's Complaint includes well-pled allegations of particularized injury, not simply conclusory allegations of bare procedural violations of a statute.

More than that, Plaintiff alleges he suffered immediate distress, anxiety, and a heightened sense of vulnerability upon discovering that Lacoste, a national retailer, had exposed him to the risk of identity theft by printing more than the last five digits of his card number. Compl. ¶ 87. As a result, Plaintiff responded by monitoring accounts, researching identity theft protection options, and considering cancellation of his credit card—all time Plaintiff cannot get back, if his allegations are true. *Id.*

These are concrete, real-world harms that mirror long-recognized common-law tort and privacy injuries, where mental anguish and emotional distress have always been compensable. That is, Intentional and Negligent Infliction of Emotional Distress are common law torts "for intangible harms that are traditionally recognized as a basis for lawsuits in American courts." *Burns v. LVNV Funding LLC*, No. 3:23-CV-00355-IM, 2024 WL 4529032, at *6 (D. Or. Oct. 18, 2024). While these torts require some level of intent, "the focus of this [standing] inquiry is on the type of harm, not intent." *Rendon v. Cherry Creek Mortg., LLC*, No. 22-CV-01194, 2022 WL 17824003, at *4 (S.D. Cal. Dec. 20, 2022) (citing *TransUnion*, 141 S. Ct. at 2204). Indeed, as other judges in the Ninth Circuit and elsewhere have recently recognized under largely indistinguishable allegations, "[t]his Court joins other courts that, after *TransUnion*, have found that, in at least some cases, emotional distress confers Article III standing." *Burns*, 2024 WL 4529032, at *7 (citing *Thome v. Sayer L. Grp., P.C.*, 567 F. Supp. 3d 1057, 1077 (N.D. Iowa 2021) (holding emotional distress is a concrete harm sufficient to establish standing); *Mayfield v.*

*LTD Fin. Servs., L.P.*, No. 20-CV-01966, 2021 WL 4481089, at \*4 (S.D. Tex. Sept. 30, 2021) (same); *Toste v. Beach Club at Fontainebleau Park Condo. Ass'n, Inc.*, No. 21-14348, 2022 WL 4091738, at \*4 (11th Cir. Sept. 7, 2022) (same)).

Independently, it has long been recognized at common law that the "pecuniary value of the time lost by plaintiff in consequence of the injury is a proper element of recovery." *United Verde Extension Mining Co. v. Littlejohn*, 279 F. 223, 225 (9th Cir. 1922); *see also Toste v. Beach Club at Fontainebleau Park Condo. Ass'n, Inc.*, No. 21-14348, 2022 WL 4091738, at \*4 (11th Cir. Sept. 7, 2022) ("We have explained that a plaintiff's wasted time, in particular, can be a concrete injury for standing purposes."). Accordingly, while Plaintiff must ultimately prove his individual allegations of lost time, he has certainly satisfied notice pleading standards that he has suffered a harm compensable at common law at this stage of the litigation.

And the "level of harm" need not be actionable under a similar common law cause of action; it is sufficient that the type of harm the plaintiff has suffered "is similar in kind to a type of harm that the common law has recognized as actionable." *Burns*, 2024 WL 4529032, at \*6. Ultimately, Courts "are meant to look for a 'close relationship' in kind, not degree" in analogizing to harms recognized at common law. *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020). Here, the emotional harm and Plaintiff's significant mitigation efforts are similar in kind, if not identical, to the harms long recognized as compensable injuries at common law. Therefore, the type of harm that Plaintiff has alleged is similar in kind to a type of harm recognized as compensable at common law. And again, that is all that is required to establish standing at the pleading stage, and thus the Court can and should deny Plaintiff's Motion on this basis alone.

**B.    Plaintiff's Reliance on Cases Alleging No More Than a Bare Procedural Violation Is Misplaced**

Plaintiff's allegations here are fundamentally different from the "bare procedural violation" cases on which Plaintiff relies. More specifically, Plaintiff's

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW

authorities emphasize scenarios in which the complaint alleged either the printing of an expiration date alone, or general risk devoid of any individualized consequence. By contrast, Plaintiff pleads a receipt revealing ten digits of his card number together, the harm recognized by Congress, with immediate, particularized emotional distress and subsequent mitigation efforts he undertook specifically because of Lacoste's alleged violation–the "plus factor" contemplated by the Supreme Court. *See TransUnion*, 594 U.S. at 437. That combination of enhanced exposure of sensitive financial data, plus individualized emotional and behavioral consequences satisfies concreteness at the pleadings stage.

For his part, Plaintiff's Motion relies heavily on decisions finding no standing where the risk was too attenuated or the injury pled was merely a legal conclusion. In particular, Plaintiff's reliance on the Ninth Circuit's FACTA decision in *Bassett v. ABM Parking Servs., Inc*., 883 F.3d 776 (9th Cir. 2018) is misplaced and easily distinguishable. There, the Court of Appeals held that a "bare procedural violation" did not "present[ ] a material risk of harm to the underlying concrete interest Congress sought to protect in passing FACTA"—preventing identity theft and credit card fraud.  The court viewed as "dispositive" Congress's findings in the Clarification Act. 861 F.3d at 81. Specifically, the court pointed to Congress's finding that "[e]xperts in the field agree that proper truncation of the card number, ... regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud." *Id*. (alteration in original) (quoting 122 Stat. at 1565). That statement "ma[de] clear that Congress did not think that the inclusion of a credit card expiration date on a receipt increases the risk of material harm of identity theft," particularly in light of Congress's concern about "abusive" FCRA lawsuits. *Id.* at 780.

Put differently, *ABM* is easily distinguishable here because the Ninth Circuit was simply recognizing that while Congress can elevate certain intangible harms to concrete injuries, when Congress expressly *doesn't* elevate certain harms to concrete

injuries, the standing analysis is simple – a plaintiff can't get over the first hurdle. *See also Perez v. McCreary, Veselka, Bragg & Allen, P.C.,* 45 F.4th 816, 826 (5th Cir. 2022) (ruling that plaintiff could not allege any concrete harm necessary for Article III standing – precisely because "Congress didn't elevate the" alleged harm as "a legally cognizable injury").

That is not *this* case – as Plaintiff is not only alleging the printing of extra credit card digits that Congress *was* concerned about and *did* recognize presented an increased risk of identity theft, but also the emotional distress, mitigation efforts and lost time that Plaintiff allegedly suffered. *ABM* is therefore clearly distinguishable and Plaintiff's distinct allegations of federal law, with the alleged concrete injuries resulting from such violations, clearly can be heard in federal court here.

### C. *Van Patten* Confirms Claims of Statutory Noncompliance with Allegations of Associated Harm Suffice for Standing

While *ABM* is clearly inapposite, it is notable for its in-depth analysis of the Ninth Circuit's decision most analogous to the present case, *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017). *Van Patten* squarely disposes of Plaintiff's attempt to minimize his allegations and disclaims any need for additional proof of harm to establish Article III standing. There, the court held that the plaintiff had standing based solely on the alleged receipt of unsolicited text messages purportedly sent in violation of the Telephone Consumer Protection Act (TCPA). *Id.* Critically, the court reached that standing conclusion at the outset based on the *claimed* statutory violation and the corresponding invasion of the privacy interest Congress sought to protect. *Id.,* at 1048. That was because "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Id.* at 1043 (citing *Spokeo*, 578 U.S. at 342). Of course, here, Plaintiff goes well beyond alleging a bare procedural violation, as his Complaint presents highly individualized

and detailed allegations of the additional harms he allegedly suffered beyond the claimed statutory violation.

Further, the panel then went on to consider the merits and ultimately affirmed that the text messages at issue were, in fact, compliant with the TCPA because the plaintiff *had consented*. *Id*. In other words, the *claimed violation* alone was sufficient to confer standing; the later merits determination that the plaintiff actually consented did not retroactively negate the existence of Article III injury at the pleading stage. The Ninth Circuit thus recognized that where Congress identifies and protects a concrete privacy interest, the alleged invasion itself satisfies Article III, even absent separate allegations of emotional distress and lost time.

That principle applies with even greater force here. Unlike the plaintiff in *Van Patten*, who relied only on alleged violation of a consumer protection statute, Plaintiff here expressly alleges *both* the alleged violation of the statue, and severe emotional distress and mitigation efforts resulting from the challenged conduct. Those allegations describe concrete, particularized harm with a close relationship to traditionally recognized injuries, including emotional and dignitary harms that courts have deemed actionable for centuries.

Ultimately, Plaintiff's argument for remand fails because he attempts to have it both ways. On the one hand, he urges the Court to disregard his allegations of severe emotional distress and mitigation efforts as conclusory.[1] On the other hand, he insists these allegations were included to put Defendant on notice of the *facts* that may support a claim for actual damages. Those positions are irreconcilable – because one is only entitled to actual damages if one suffered an actual injury. *See Doe v. Chao*, 540 U.S. 614, 625 (2004) (actual damages requires actual injury to "avoid[] giveaways to plaintiffs with nothing more than 'abstract injuries'"). Put differently,

---

[1]   It's entirely unclear how Plaintiff could assert *more* well-plead allegations of emotional distress and mitigation efforts at this stage of the case.  But in the final analysis, Rule 8 simply requires Plaintiff to put Lacoste on notice – which is precisely what he is claiming he did.  Mot. at 6.

Plaintiff's acknowledgment that his pleading sets forth facts supporting actual damages, if proven, is an implicit concession that he alleges a concrete injury sufficient for Article III standing.

At bottom, Plaintiff's Complaint and his motion thus concede what Article III requires: concrete harm in the form of emotional distress, mitigation efforts and the related loss of time flowing from the alleged statutory violation. In comparison to *Van Patten*, that is more than enough to satisfy the standing threshold here.

## V. DISMISSAL, NOT REMAND, IS THE PROPER REMEDY IF STANDING WERE LACKING

Because Plaintiff pleads a federal FACTA claim and alleges concrete injury-in-fact sufficient for Article III, this Court has federal question jurisdiction, and removal was proper. Plaintiff also alleges CAFA jurisdictional predicates, including class allegations and amount in controversy. The presence of Article III standing for the federal claim eliminates the predicate for partial remand that Plaintiff seeks.

Plaintiff's contrary suggestion—that California state courts' purportedly[2] more permissive standing approach should control the remand analysis—

---

[2] Plaintiff is simply incorrect here on California state standing principles. The California Court of Appeal specifically held that concrete injury was required in a claim involving an alleged violation of the FCRA – of a which FACTA is a part. *See Limon v. Circle K Stores, Inc.* (2022) 84 Cal.App.5th 671, 703-707. The Court of Appeal held in a directly analogous "statutory privacy" case that a plaintiff still must sufficiently allege an "(a) injury [that] is concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 704 (internal quotations omitted). And there the plaintiff was specifically held to lack standing because "there are no allegations to suggest that any harm *has resulted*" from the alleged violations of the statute. *Id.* at 705 (emphasis added). Because of this, the court "conclude[d] Limon has not alleged a concrete or particular injury to his privacy interests sufficient to afford him an interest in pursuing his claims vigorously." *Id.* at 706. Thus, while California state courts are not subject to Article III *per se*, they still approach standing analysis the same way – *under the same federal law*. Thus, if Plaintiff does not have standing here, he will not have standing for his federal law claim in California state court either.

misconceives the question. Removal jurisdiction turns on Article III in federal court; here, Plaintiff's concrete, particularized emotional distress and mitigation actions clear that threshold. As such, there is no Article III defect to cure by severance and remand, and the case should proceed in this Court.

If the Court were to conclude that Plaintiff lacks Article III standing to pursue the FACTA claim notwithstanding the allegations described above, the appropriate remedy is dismissal without prejudice, not remand. Plaintiff's motion acknowledges that severance and remand are discretionary and points to concerns about duplication; those same concerns reinforce that dismissal without prejudice is the correct alternative remedy if standing is absent, as it avoids parallel proceedings on overlapping issues and ensures that federal jurisdictional limits are respected.

Plaintiff's own discussion recognizes that a court lacking jurisdiction is "powerless to reach the merits." Given Plaintiff's (incorrect) position that California's standing doctrine is different, dismissal without prejudice squarely accommodates his preference to refile in a forum of his choosing without imposing serial removal/remand cycles on the parties and the courts. If Article III standing were absent, that approach would best promote judicial economy and consistent application of jurisdictional boundaries.

## VI.    CONCLUSION

Plaintiff's complaint pleads concrete, particularized injuries, emotional distress and mitigation efforts, traceable to Lacoste's alleged violation of federal law and Plaintiff's rights thereunder at the pleadings stage. Those allegations suffice for Article III standing and distinguish this case from the bare-violation authorities on which Plaintiff relies. The motion for partial remand should therefore be denied. In the alternative, if the Court finds standing lacking, it should dismiss the FACTA claim without prejudice rather than sever and remand.

Dated: January 6, 2025

**ARENTFOX SCHIFF LLP**

By: _Adam Bowser_

LYNN R. FIORENTINO
ADAM D. BOWSER
SUSANNE BONIADI
Attorneys for Defendant
LACOSTE USA, INC.

ARENTFOX SCHIFF LLP
ATTORNEYS AT LAW

# CERTIFICATE OF SERVICE

I, Adam D. Bowser, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 S. Flower St., 43rd Floor, Los Angeles, California 90071.

On January 6, 2026, I electronically filed the attached document:

**LACOSTE USA, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL REMAND**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

Todd D. Carpenter                  **Attorneys for Plaintiffs**
Matthew J. Zevin
Connor J. Porzio                   T: 619.762.1910
Kristine Melin                     F: 858.313.1850
LYNCH CARPENTER LLP                Emails:
9171 Towne Centre Drive, Suite 180 todd@lcllp.com
San Diego, California 92122        mattz@lcllp.com
                                   connor@lcllp.com
                                   Kristine@lcllp.com

I declare under the laws of the United States of America that the foregoing is true and correct. Executed on January 6, 2026 at Los Angeles, California.


_____
Adam D. Bowser